WILLIAM E. MANNING *vs:* JOHN F. REYNOLDS & others.

Suffolk. March 26, 27, 1895. — June 21, 1895.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Writ of Prohibition — Poor Debtor — Postponement of Examination — Presence of Citation at Hearing — Departure without Leave.*

The magistrate, in pursuance of a previous request of the creditor's counsel, has a right to postpone the examination of a poor debtor.

The presence of the citation at a poor debtor hearing is not necessary, if the debtor has been ordered to appear and is in court, and his counsel has entered a general appearance.

A debtor departs without leave and without justification if no fact appears in the record of the court or outside of it to justify the departure.

PETITION for a writ of prohibition to restrain John F. Reynolds, the judgment creditor, Prescott Keyes, special justice of the District Court of Central Middlesex, and Henry C. Sherwin, a deputy sheriff, from arresting or causing the arrest

of the petitioner as a poor debtor, upon an execution issued in favor of Reynolds.

At the hearing, before *Morton*, J., it appeared that the petitioner, having received a citation, personally appeared conformably thereto, on November 21, 1894, at the court-room of the District Court of Central Middlesex holden at Concord, at 8.30 o'clock in the forenoon, and remained until after and past the hour of nine o'clock in the forenoon; that the court at nine o'clock convened, Prescott Keyes, Special Justice, sitting; that the poor debtor case entitled "John F. Reynolds of Boston, Judgment-Creditor, *v.* William E. Manning of Acton, Judgment Debtor," was called; that the petitioner was present and answered; that John F. Reynolds was not present, neither was any one in his behalf present, and thereupon the petitioner made a motion in writing that he be discharged; that the justice said that he had received a telephonic communication from counsel of the creditor, from Boston, asking to have the case continued, and against the protest of the petitioner, and in the absence of the creditor, or any one in his behalf, the justice continued the case until December 8, 1894, at eight o'clock in the forenoon, at said court-room; that upon December 8, the petitioner appeared with counsel in the court-room a long time before nine o'clock in the forenoon, and there remained until 9.07 o'clock, until which time the said court had not convened; that the court then convened, with the special justice sitting; that the counsel for the debtor entered his appearance in writing, and up to that time no appearance had been entered for the creditor, but the special justice then entered the appearance for the creditor of Messrs. Barry and Blanchard of Boston, neither of whom was present on this occasion, nor had up to that time by themselves entered their appearance; that present in their behalf was a Mr. Bayley; that the debtor, by his counsel, took up the written motion filed by the debtor on November 21, 1894, and the justice overruled it; that the debtor then called for the citation, but the citation was not in court, the officer never having returned it to the court; that the debtor thereupon claimed to be discharged, as the court had no jurisdiction, for the reason that the citation had not been returned by the officer; that the justice overruled the motion, and ordered that the debtor be sworn for examination; that the

debtor did not submit to the jurisdiction of the court, and departed; that since then the court has issued an order for the arrest of the debtor, and the same is in the hands of Henry C. Sherwin, deputy sheriff for the county of Middlesex; and Sherwin has notified the petitioner that he, in pursuance of said order, will arrest the petitioner.

The justice ordered the petition to be dismissed, and, at the request of the parties, reported the case for the determination of the full court, the order of dismissal to be affirmed, or such other disposition to be made of the case as might seem proper.

*P. J. Casey*, for the debtor.

*J. H. Blanchard*, for the creditor.

HOLMES, J. 1. The magistrate, in pursuance of a previous request of the creditor's counsel, postponed the examination of the debtor. This he had a right to do. The discretion given him by Pub. Sts. c. 162, § 18, is not cut down by § 68, at least so far as this case is concerned. See *May* v. *Foote*, 7 Allen, 354.

2. We do not perceive the need for the presence of the citation at the hearing. The debtor had been ordered to appear, and was in court, and his counsel entered a general appearance.

3. After this general appearance the magistrate's record shows that "the debtor departs without leave." No fact appears in the record or outside of it to justify the departure. It is not necessary to go into any further considerations.

*Petition dismissed.*